1  TIMOTHY T. SCOTT (SBN 126971)
   ROBERT B. MARTIN III (SBN 235489)
2  SIDLEY AUSTIN LLP
   555 California Street
3  San Francisco, California 94104
   Telephone:     (415) 772-1200
4  Facsimile:     (415) 772-7400

5  Attorneys For Defendants Cutera, Inc.,
   Kevin P. Connors, And Ronald J. Santilli

   MARK LABATON (SBN 159555)
   KREINDLER & KREINDLER, LLP
   707 Wilshire Boulevard, Suite 5070
   Los Angeles, CA 90017-3613
   Telephone: (213) 622-6469
   Facsimile:   (213) 622-6019

   Attorneys for Plaintiff Doug Hamilton

   ALAN R. PLUTZIK, Of Counsel (SBN 77785)
   L. TIMOTHY FISHER, Of Counsel (SBN 191626)
   SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   2125 Oak Grove Road, Suite 120
   Walnut Creek, California 94598
   Telephone: (925) 945-0770
   Facsimile: (925) 945-8792

   Attorneys For Plaintiff Edward Zakkak

   [Additional counsel appear on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUG HAMILTON,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN P. CONNERS, ROBERT J. SANTILLI, and CUTERA INC.,<br><br>  Defendants.<br><br>EDWARD ZAKKAK, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CUTERA, INC., KEVIN P. CONNORS, and ROBERT J. SANTILLI,<br><br>  Defendants. | CIVIL ACTION NO.: C-07-2128-VRW<br>                            C-07-2468 VRW<br><br>CLASS ACTION<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Before:   The Hon. Vaughn Walker<br><br>Date:   September 20, 2007<br>Time:   2:00 p.m.<br>Place:  Courtroom 6, 17th Floor, San Francisco |

Additional counsel:

PETER A. BINKOW (SBN 173848)
GLANCY BINKOW & GOLDBERG, LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160

Attorneys For Plaintiff Doug Hamilton


RICHARD A. MANISKAS
D. SEAMUS KASKELA
SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

Attorneys For Plaintiff Edward Zakkak

Pursuant to Civil Local Rule 16-9(a) and Federal Rule of Civil Procedure 26(f), the parties to the above-entitled actions jointly submit this Joint Case Management Statement and [Proposed] Order.

**1.    JURISDICTION AND SERVICE**

The Court has jurisdiction over the subject matter of these actions pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa.  No issues exist regarding personal jurisdiction or venue, and all parties have been properly served with the initial complaints in the actions.

**2.    FACTS**

   **A.    Description of the Case**

These are federal securities fraud class actions brought against Cutera, Inc. ("Cutera"), Kevin P. Connors, and Ronald J. Santilli (collectively "Defendants"), for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act (codified respectively at 15 U.S.C. §§ 78j(b)) and 78t(a)), and Rule 10b-5, 17 C.F.R. § 240.10b-5).  The actions seek certification of a class under Federal Rule of Civil Procedure 23, consisting of persons and entities who purchased Cutera securities between various dates.  The specific class period sought in the actions is undetermined: the *Hamilton* action seeks a class period from January 31, 2007 through April 4, 2007; the *Zakkak* action seeks a class period from January 31, 2007 through May 7, 2007.

   **B.    A Brief Chronology of the Facts and Procedural Posture**

Presently, there is no lead plaintiff or counsel appointed in these actions.  Defendant Cutera is a Delaware corporation headquartered in Brisbane, California that designs, manufactures, markets, and services laser and other light-based aesthetics systems for health care practitioners.  Mr. Connors is Cutera's President and Chief Executive Officer, and Mr. Santilli is Cutera's Chief Financial Officer and Executive Vice President.

On January 31, 2007, Cutera announced its financial results for the fourth quarter and year ended December 31, 2006.  In the course of announcing the fourth quarter results, Cutera provided revenue guidance for the first quarter ended March 31, 2007 of approximately $26 million. On April 5, 2007, Cutera announced revised revenue guidance for the first quarter 2007 of

approximately $23 million. That day, the price of Cutera common stock declined. On April 17, 2007, the complaint in the *Hamilton* action was filed, alleging that Cutera's initial earnings guidance was materially false and misleading.

After market close on May 7, 2007, Cutera announced financial results for the first quarter ended March 31, 2007 of $23.3 million in revenue and provided revenue guidance for the second quarter and year ending December 31, 2007. The following day, the price of Cutera common stock declined. That same day, the complaint in the *Zakkak* action was filed, asserting similar claims as those made in the *Hamilton* action and also alleging that Defendants failed to disclose material adverse facts concerning the causes for the company's first quarter performance.

On June 18, 2007, Gunawan Onie, Zahed Siddique, Jamie W. Collins, Kenneth J. Chin, and Gary T. Hornyak ("the Onie Group") brought a motion for consolidation of the *Hamilton* and *Zakkak* actions, for appointment of the Onie Group as lead plaintiff, and for appointment of Labaton Sucharow & Rudolf LLP and Paskowitz & Associates as counsel for lead plaintiff. On August 15, 2007, the Onie Group brought an amended motion, also seeking consolidation of the *Hamilton* and *Zakkak* actions and appointment of the Onie Group as lead plaintiff, but now seeking appointment of Glancy Binkow & Goldberg LLP and Paskowitz & Associates as counsel for lead plaintiff. The hearing on that motion is set for September 20, 2007.

  **C.**  **The Principal Factual Issues in Dispute**

In general, the parties dispute: (1) whether Defendants made misrepresentations or omissions of material fact in press releases and SEC filings issued during the putative class period; (2) whether Defendants committed fraudulent acts with scienter; (3) whether Defendants' alleged statements or omissions caused the market price of Cutera securities to be artificially inflated; (4) whether members of the putative class were damaged; and (5) whether such damage, if any, was caused by Cutera's statements.

**3.**  **LEGAL ISSUES**

Currently, there is no consolidated amended complaint filed by the proposed lead plaintiffs in this action. Once that complaint is filed, however, the parties anticipate they will

dispute whether: (1) Defendants have violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder; (2) Messrs. Connors and Santilli have violated Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a); and (3) these actions may properly proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**4.     MOTIONS**

The Onie Group's Amended Motion for Consolidation and Appointment of Lead Plaintiff and Counsel is currently pending before the Court with a hearing date set for September 20, 2007. Defendants anticipate bringing a motion to dismiss under Federal Rule of Civil Procedure 12 following the filing of a consolidated amended complaint once lead plaintiff and counsel are appointed.

**5.     AMENDMENT OF PLEADINGS**

Assuming the appointment of the Onie Group as lead plaintiff, the Onie Group intends to file a consolidated amended complaint against Defendants. The Onie Group anticipates filing that consolidated amended complaint within 30 days after their appointment as lead plaintiff.

**6.     EVIDENCE PRESERVATION**

Both parties have initiated a document preservation policy to preserve evidence relevant to the issues reasonably evident in these actions, including interdiction of any standard erasures of e-mails, voice-mails, and other electronically-recorded material.

**7.     DISCLOSURES**

On August 7, 2007, the parties filed an Initial Joint Report Pursuant to Federal Rule of Civil Procedure 26(f), stating that they met and conferred regarding initial disclosures, early settlement, ADR process selection, and a discovery plan. The parties agreed that because of the pending motion for appointment of lead plaintiff and counsel, the anticipated consolidated amended complaint by the proposed lead plaintiffs, the anticipated motion to dismiss by Defendants, and the resulting discovery stay under the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 77z-1(b), resolution of the aforementioned issues was premature at that time. The parties committed

to filing a supplemental Rule 26(f) Report resolving the aforementioned issues as well as any other issues identified by the Court following resolution of the motion to dismiss, if the motion is not granted in full.

## 8. DISCOVERY

No discovery in these actions has yet been taken. A Motion for Appointment of Lead Plaintiff and Counsel is currently pending before the Court. Within 30 days of the resolution of that motion, Plaintiffs intend to file their consolidated amended complaint which will determine the issues present in this case. Defendants then intend to bring a motion to dismiss that complaint, and because this case is controlled by the provisions of the Private Securities Litigation Reform Act of 1995, all discovery will then be stayed pending resolution of the motion to dismiss. *See* 15 U.S.C. § 77z-1(b). However, pursuant to the discovery stay provision of the Reform Act, Plaintiffs reserve the right to move for particularized discovery to preserve evidence or to prevent undue prejudice. *See id.*

Upon this Court's resolution of the motion to dismiss, should the motion be denied in whole or in part, the parties will propose a discovery schedule and an amended case management statement, including proposed dates for the briefing schedule and hearing on class certification.

## 9. CLASS ACTION STATEMENT

### A. Plaintiffs' Position

Plaintiffs hereby state the following, pursuant to Civil L.R. 16-9(b):

1. The *Hamilton* and *Zakkak* actions are maintainable as a consolidated class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

2. The *Hamilton* and *Zakkak* actions were brought as putative class actions on behalf of all persons who purchased or otherwise acquired the securities of Cutera between various dates, and who were damaged thereby. While the specific class period sought in the actions is undetermined, the *Hamilton* action seeks a class period from January 31, 2007 through April 4, 2007, and the *Zakkak* action seeks a class period from January 31, 2007 through May 7, 2007. Excluded from the putative class are Defendants, the officers and directors of Cutera at all relevant

times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants, or any of them, have or had a controlling interest.

        3.      The facts stated below demonstrate that Plaintiffs may maintain a class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

        (a)      The members of the putative class are so numerous that joinder of all members is impractical. While the exact number of class members is unknown to the Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs reasonably believe that there are thousands of class members located throughout the United States.

        (b)      Common questions of law and fact exist as to all members of the putative class and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the class are:

- whether the federal securities law were violated by the acts alleged in the complaints;
- whether statements made by defendants to the investing public misrepresented material facts about the business, operations and management of Cutera; and
- whether defendants omitted to state material facts regarding sales, revenues, and profits of Cutera.

        (c)      Plaintiffs' claims are typical because Plaintiffs will rely, in part, upon the presumption or reliance established by the fraud-on-the-market doctrine in that:

- Defendants allegedly made public misrepresentations or failed to disclose material information;
- the alleged omissions and misrepresentations were material;
- the stock of Cutera allegedly traded in an efficient market, as it was actively traded on the NASD, was followed and reported on by securities analysts and major newswire services, was the subject of periodic public reports filed with the SEC and/or the NYSE, and there are empirical facts showing a cause and effect relationship between unexpected corporate events or financial news and an immediate response in the stock price;

      •   the misrepresentations and omissions alleged would tend to mislead a reasonable investor concerning Cutera's business and/or financial condition; and

      •   Plaintiffs and members of the putative class purchased their Cutera stock at prices that were artificially inflated due to Defendants' material misrepresentations and omissions.

      (d)   Plaintiffs will fairly and adequately protect the interests of the other members of the class, and Plaintiffs have retained counsel competent and experienced in class and securities litigation to further ensure such protection and intend to prosecute this action vigorously.

      (e)   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The putative class is so numerous and geographically dispersed that it would be impracticable for each member of the class to bring a separate action or to be joined in an individual action. The individual damages of any member of the class, although significant to them, may be relatively small when measured against the potential costs of bringing this action, and thus make the expense and burden of this litigation unjustifiable for individual actions. As a class action, the Court could determine the rights of all members of the class with judicial economy.

4.   Plaintiffs intend to move for class certification as soon as practicable following an order of this Court which sustains, in whole or in part, Plaintiffs' contemplated consolidated amended complaint.

**B.**   **Defendants' Position**

Depending upon the allegations of the consolidated amended complaint, Defendants may contend these actions are not properly maintainable as a class action under Federal Rule of Civil Procedure 23, or that the action, if maintained as a class action, must be maintained by separate subclasses.

**10. RELATED CASES**

On June 22, 2007, the Court ordered that the *Hamilton* and *Zakkak* actions were related pursuant to Civil Local Rule 3-12. The parties are not aware of any other related cases or proceedings currently pending.

**11. RELIEF**

The complaints in the *Hamilton* and *Zakkak* actions presently seek relief of compensatory damages, costs and expenses, including attorneys fees, and a grant of such other relief as the Court may deem just and proper. Defendants dispute that members of the putative class were damaged, the plaintiffs' measure of such alleged damages, and whether costs and expenses, including attorneys fees, are recoverable by the plaintiffs in these actions.

**12. SETTLEMENT AND ADR**

On July 26, 2007, Defendants filed ADR Certifications by Parties and Counsel pursuant to Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b). At this time, the parties believe that any additional ADR efforts would be premature.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to assignment of these cases to a magistrate judge for any purpose.

**14. OTHER REFERENCES**

The parties do not believe these cases are suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

Defendants cannot assess whether the issues in these cases can be narrowed until after the filing of the anticipated consolidated amended complaint.

**16. EXPEDITED SCHEDULE**

The parties do not believe these cases can be handled on an expedited basis with streamlined procedures.

**17.   SCHEDULING**

Please see the response to Item 8.

**18.   TRIAL**

The parties anticipate a one-month trial before a jury.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs filed their Certification of Interested Entities or Persons concurrently with this Joint Case Management Statement. Pursuant to Civil L.R. 3-16, counsel for Plaintiffs certifies that as of this date, other than the named parties, there is no such interest to report.

Defendants filed their Certification of Interested Entities or Persons concurrently with this Joint Case Management Statement. Pursuant to Civil L.R. 3-16, counsel for Defendants certifies that as of this date, other than the named parties, there is no such interest to report.

**20.   OTHER MATTERS AFFECTING DISPOSITION OF THIS MATTER**

At this time, there are no other matters to address that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

Dated: September 11, 2007            SIDLEY AUSTIN LLP

By: /s/ Timothy T. Scott
Timothy T. Scott
Attorneys For Defendants Cutera, Inc.,
Kevin P. Connors, and Ronald J. Santilli

Dated: September 11, 2007            KREINDLER & KREINDLER, LLP

By: /s/ Mark Labaton
Mark Labaton
Attorneys For Plaintiff Doug Hamilton

8

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
**CIVIL ACTION NOS: C-07-2128-VRW AND C-07-2468VRW**

Dated: September 11, 2007                SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

By: /s/ Alan R. Plutzik
Alan R. Plutzik
Attorneys for Plaintiff Edward Zakkak

Dated: September 11, 2007                GLANCY BINKOW & GOLDBERG, LLP

By: /s/ Peter A. Binkow
Peter A. Binkow
Attorneys for Plaintiff Doug Hamilton

# [PROPOSED] ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted as the Case Management Order for this case.

Dated: September ___, 2007

_____
THE HONORABLE VAUGHN R. WALKER
United States District Judge

9

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
**CIVIL ACTION NOS: C-07-2128-VRW AND C-07-2468VRW**

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Case Management Statement and [Proposed] Order. In compliance with General Order 45.X.B., I hereby attest that each of the other signatories has concurred in this filing.

Dated: September 11, 2007          SIDLEY AUSTIN LLP

By: /s/ Timothy T. Scott
    Timothy T. Scott
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, CA 94104-1715
    Telephone: 415-772-1200
    Facsimile:  415-772-7400

    Attorneys for Defendants Cutera, Inc.,
    Kevin P. Connors, and Ronald J. Santilli